**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**CHARLES ANTHONY JONES,**

     **Plaintiff,**

**V.**                             **Case No. 1:24cv54-MW-MAF**

**UNITED STATES OF AMERICA,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a first amended complaint, ECF No. 6, in April 2024. Defendant was served with process, ECF Nos. 13-14, and filed a motion to dismiss on Friday, August 23, 2024. ECF No. 15. Before the Court could issue an Order to Plaintiff explaining his obligation in responding to the motion under Local Rule 7.1, Plaintiff filed a response on Monday, August 26, 2024, ECF No. 16, requesting Defendant's motion be denied.

An Order was entered the following day, noting that Plaintiff did not comply with the requirement to serve a copy on opposing counsel, or at least, Plaintiff did not include a certificate of service as required by Local

Rule 5.1 showing that the Defendant had been served with a copy of his response.  Plaintiff was required to <u>either</u> file a notice of compliance which confirmed when and how Plaintiff provided an identical copy of his response to opposing counsel, or Plaintiff was directed to file an amended response which properly included a certificate of service.  ECF No. 17. Plaintiff filed an amended response in opposition to Defendants' motion to dismiss, ECF No. 18, which was served on opposing counsel.   The motion to dismiss is ready for a ruling.

**Allegations of the Amended Complaint, ECF No. 6**

Plaintiff's amended complaint presents three claims under the Federal Tort Claims Act ["FTCA"].  Plaintiff alleged that on June 24, 2022, he attended a "primary care appointment at a federal government facility[1] in Gainesville, FL."  ECF No. 6 at 4.  It was determined that Plaintiff was suffering from a urinary blockage as he had "over 650 mil of urine backed up in [his] bladder . . . ."  *Id.*  The doctor recommended placement of a

---

[1] From Plaintiff's first case concerning this incident, it is more clear that Plaintiff had "visited a doctor at the VA Hospital in Gainesville, Florida on June 24, 2022."  <u>Jones v. United States</u>, No. 1:23CV54/MW/ZCB, 2023 WL 6798877, at *1 (N.D. Fla. Sept. 15, 2023), report and recommendation adopted, No. 1:23CV54-MW/ZCB, 2023 WL 6795291 (N.D. Fla. Oct. 13, 2023).  Plaintiff's first case was dismissed because he had not exhausted administrative remedies prior to filing the lawsuit.  *Id.*

catheter and Plaintiff "went back to the nurse['s] office to get it done." *Id.* at 4-5. A white female nurse was present and she asked Plaintiff if he wanted a male nurse to insert the catheter. *Id.* Plaintiff said yes, and the nurse left, but when she returned, the "white female" nurse began to place the catheter. *Id.* Plaintiff attempted to ask her what she was doing, but she "became enraged" and said, "I can do it." *Id.* With a black male nurse standing nearby, the white female nurse inserted the catheter. Id.

Plaintiff contends the nurse's action constituted "abuse" and a sexual assault. ECF No. 6 at 5. He claims the nurse sought to inflict harm and pain and inserted the catheter against his will. *Id.* at 6. Plaintiff also asserts a claim for racial discrimination based on his belief that "race had something to do with it." *Id.* Plaintiff contends that the white female nurse was outraged because a black male was "telling her what to do." *Id.* Ultimately, Plaintiff alleged that he "had to have surgery on [his] bladder and a superpubic tube[2] [sic] had to be placed in [his] bladder." *Id.* Thus, he asserts a "medical malpractice" claim "because the nurse was not competent to" insert the catheter. ECF No. 6 at 7.

---

[2] The Court takes judicial notice that a "*suprapubic* urinary catheter" may be required for patients with severe urinary retention or incontinence issues.

**Motion to Dismiss, ECF No. 15**

The Defendant United States of America has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted, as well as under Rule 12(b)(1) for lack of subject matter jurisdiction. ECF No. 15 at 1-2. The United States argues that Plaintiff's claim for sexual assault and abuse must be dismissed for lack of subject matter jurisdiction. The medical malpractice claim should be dismissed for failure to state a claim. *Id.*

**Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction - challenging a federal court's statutory or constitutional power to adjudicate a case - is appropriately filed pursuant to Rule 12(b)(1). Such a challenge may take the form of either a facial or factual attack. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). In a facial attack, the complaint's factual allegations are accepted as true for the purposes of ruling on the motion. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). On the other hand, a factual challenge questions the existence of subject matter jurisdiction based on matters outside the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). In this case, because "the United

States lodges a facial argument under [Rule] 12(b)(1) with respect to [Plaintiff's] claim of abuse," ECF No. 15 at 3, Plaintiff's allegations are accepted as true.

As for the Rule 12(b)(6) aspect of Defendant's motion - that Plaintiff's complaint fails to state a claim - Plaintiff must have alleged enough plausible facts to support the claims asserted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A complaint is facially plausible when there is sufficient factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoted in Riddick v. United States, 832 F. App'x 607, 611 (11th Cir. 2020)). Again, the factual allegations must be "accepted as true," but legal conclusions couched as factual allegations are insufficient. Ashcroft, 129 S. Ct. at 1949-50. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 129 S. Ct. at 1949 (quotation omitted). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

The pleading standard is not heightened, but flexible, in line with Rule 8's command that a complaint must simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in <u>Twombly</u>, 550 U.S. at 558).

**Analysis**

The Federal Tort Claims Act ("FTCA") grants federal district courts exclusive jurisdiction over damages claims against the United States which arise out of personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope

of his office or employment."  28 U.S.C. § 1346(b)(1); see also 28 U.S.C. §

§ 2674.[3]  "Moreover, the FTCA provides that a suit against the United

States is the exclusive remedy for these sorts of claims."  Brignac v. United

States, 239 F. Supp. 3d 1367, 1373 (N.D. Ga. 2017) (citing 42 U.S.C. §

2679 which notes that the "remedies provided by" 28 U.S.C. § 1346(b) are

"exclusive").  Although the FTCA waives the United States's sovereign

immunity for those types of claims, see JBP Acquisitions, LP v. United

States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000), this waiver is

subject to certain exceptions.  One of those exceptions is the "intentional

tort exception," which "preserves the Government's immunity from suit on

'[a]ny claim arising out of ... battery.'"  Levin v. United States, 568 U.S. 503,

507, 133 S. Ct. 1224, 1228, 185 L. Ed. 2d 343 (2013).

Here, the United States argues that the "intentional tort exception"

precludes Plaintiff's claim.  ECF No. 15 at 5-6.  That provision, found in 28

U.S.C. § 2680(h), states that the waiver of liability provided in the FTCA

shall not apply to "[a]ny claim arising out of assault, battery, false

---

[3] That provision states in relevant part: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."  28 U.S.C. § 2674.

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  In other words, § 2680(h) "preserves the Government's immunity from suit for '[a]ny claim arising out of assault, battery,' " and other intentional torts."  Millbrook v. United States, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C.A. § 2680(h)) (cited in Moore v. United States, No. 7:24-CV-00322-LSC, 2024 WL 4453785, at *2 (N.D. Ala. Oct. 9, 2024)).

Plaintiff has unambiguously alleged that the nurse committed a sexual assault and abused him because Plaintiff did not consent to her performing the catheter procedure.  ECF No. 6 at 7.  If Defendant's argument is correct, Plaintiff's claim of assault by the nurse should be dismissed as barred by the intentional tort exception of the FTCA.

Although Defendant has pointed to an "intentional tort exception" which precludes liability under the FTCA, Defendant has not addressed another statute applicable to this case.  "The VA provides medical care to veterans through the Veterans Health Administration ('VHA')."  Smith v. United States, 7 F.4th 963, 966 (11th Cir. 2021).  Malpractice and negligence suits may be brought against health care employees of the VHA pursuant to the FTCA.  38 U.S.C. § 7316(a)(1).  A nurse is specifically

identified as a "health care employee" who may be sued.  38 U.S.C. § 7316(a)(2).  However, that statute also contains a provision which specifically makes the "intentional tort exception" inapplicable to claims brought against a VHA health care provider.

Section 7316(f) provides: "The exception provided in section 2680(h) of title 28 shall not apply to any claim arising out of a negligent or wrongful act or omission of any person described in subsection (a) in furnishing medical care or treatment (including medical care or treatment furnished in the course of a clinical study or investigation) while in the exercise of such person's duties in or for the Administration."  38 U.S.C. § 7316.  The Eleventh Circuit has noted this provision abrogates the intentional tort exception if the claim arises "from injuries from any medical treatment." Knezevich v. Carter, 805 F. App'x 717, 725 (11th Cir. 2020).

Also supporting the conclusion that § 7316(f) makes the "intentional tort exception" inapplicable is the related case of Levin v. United States, 568 U.S. 503, 133 S. Ct. 1224, 185 L. Ed. 2d 343 (2013).  There, the Supreme Court considered the claim of a veteran who "suffered injuries as a result of cataract surgery performed at the U.S. Naval Hospital in Guam." Levin, 568 U.S. at 505, 133 S. Ct. at 1227.  "Levin sued under the Federal

Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, which waives the Government's sovereign immunity from tort suits, but excepts from the waiver certain intentional torts, including battery, § 2680(h)."  568 U.S. at 505–06, 133 S. Ct. at 1227.  The Court held that the Gonzalez Act, *see* 10 U.S.C. § 1089(e), "abrogate[d] the FTCA's intentional tort exception and therefore [permitted] Levin's suit against the United States alleging medical battery by a Navy doctor acting within the scope of his employment."  568 U.S. at 518, 133 S. Ct. at 1235.

In reaching that conclusion, the Court relied on 38 U.S.C. § 7316, referenced as "a parallel statute that confers immunity on medical personnel of the Department of Veterans Affairs (VA)."  *Id.* at 517, 133 S. Ct. at 1234.  The Government had acknowledged that the language of that statute expressed Congressional "intent to abrogate § 2680(h)."  *Id.* at 518, 133 S. Ct. at 1234.  The Court found "nothing dispositively different about the wording of the two provisions."  *Id.*; *see also* Knezevich v. United States, No. 8:18-CV-1589-T-02AEP, 2019 WL 459140, at *2 (M.D. Fla. Feb. 6, 2019), *aff'd sub nom.* Knezevich v. Carter, 805 F. App'x 717 (11th Cir. 2020) (noting the Supreme Court in Levin "found no distinguishable difference between the wording of 10 U.S.C. § 1089(e) of the Gonzalez

Act, which applies to Navy physicians, and 38 U.S.C. § 7316(f) of the VA statute which confers immunity on medical personnel of the VA for malpractice and negligence suits").

In this case, Plaintiff alleged abuse and sexual assault by a nurse when she performed a medical procedure against his will.  ECF No. 6 at 6.  Although Plaintiff did not object to the insertion of a catheter, he did object to the white female nurse doing so.  *Id.*  Because the "intentional tort exception" is not applicable to a Federal Tort Claims Act claim brought against a "health care employee" of the VHA who was providing medical care or treatment, Defendant's motion to dismiss the assault claim for lack of subject matter jurisdiction should be denied.

Plaintiff also alleged a claim for medical negligence.  Plaintiff claimed "the nurse was not competent to" insert the catheter.  ECF No. 6 at 7.  He alleged the nurse "began to violently press poke and prod the catheter in [his] penis to inflict harm and pain . . . ."  *Id.* at 6.  He said "she caused intense bleeding, pain, and scar tissue inside [his] penis."  *Id.*

The FTCA "states that the Government shall be liable for tortious conduct committed by its employees acting within the scope of their employment 'under circumstances where the United States, if a private

person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred*.'"  Richards v. United States, 369 U.S. 1, 2–3, 82 S. Ct. 585, 587, 7 L. Ed. 2d 492 (1962) (quoting 28 U.S.C. § 1346(b)(1) (emphasis added).  Consistent with that provision, the Eleventh Circuit has held that "[w]hen analyzing a FTCA claim, we apply the law of the state in which the alleged tort was committed." Duque v. United States, 216 F. App'x 830, 832 (11th Cir. 2007) (citing Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004)).  Accordingly, the law of the State of Florida determines the liability of the United States under the FTCA for a medical malpractice or medical negligence claim.

"To sufficiently allege a medical negligence claim, the plaintiff must allege the following: (1) the defendant owed the plaintiff a standard of care; (2) the defendant breached that standard; and (3) the breach proximately caused the plaintiff's damages."  Holston v. Dawson, No. 22-11198, 2023 WL 7485227, at *5 (11th Cir. Nov. 13, 2023) (citing to Hollywood Med. Ctr., Inc. v. Alfred, 82 So. 3d 122, 125 (Fla. 4th Dist. Ct. App. 2012)).  Under Florida law, Plaintiff has "the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care

provider." Fla. Stat. § 766.102(1); *see also* <u>Holston</u>, 2023 WL 7485227, at *5 (noting "the burden is on the plaintiff to establish the physician-defendant's actions breached prevailing professional standards of care").

Here, Plaintiff made a cursory allegation that the "nurse was not competent" to place his catheter. ECF No. 6 at 7. First, Plaintiff's conclusory allegation cannot be accepted as sufficient to find that a nurse is "not competent" to insert a catheter because Plaintiff wanted a male nurse to do the procedure. If a male nurse is competent to do so, then so is a female nurse. Plaintiff did not allege any other facts concerning the female nurse's training or experience to show she was not competent.

Second, Plaintiff has not alleged any facts pertaining to the standard of care owed to him, nor did he allege facts showing how that standard was violated.[4] Without identifying the professional standard of care involved in placing a catheter, Plaintiff cannot show that the nurse breached the prevailing standard. Plaintiff alleged only that she "violently" pressed, poked, and prodded when placing the catheter and he experienced pain

---

[4] "Due to the specialized knowledge necessary to show what a "reasonably prudent" physician would consider 'acceptable and appropriate,' the standard of care in medical malpractice cases is ordinarily established through expert testimony." <u>Jerrett</u>, 2022 WL 599200, at *2 (citing to <u>Pate v. Threlkel</u>, 661 So. 2d 278, 281 (Fla. 1995); <u>Chirillo v. Granicz</u>, 199 So. 3d 246, 252 (Fla. 2016)).

and bleeding.  That allegation, in and of itself, does not demonstrate

medical negligence and Plaintiff has not otherwise explained what the

nurse did incorrectly or negligently.  Furthermore, a plaintiff's "own

conclusory allegations about" the care provided is not enough to show that

the standard of care was breached.  Jerrett v. United States, No.

5:20-CV-134-KKM-PRL, 2022 WL 599200, at *2 (M.D. Fla. Feb. 11, 2022),

appeal dismissed, No. 22-10557-G, 2022 WL 3584316 (11th Cir. June 13,

2022).  Because Plaintiff's amended complaint lack sufficient facts to state

a claim for medical negligence, Defendant's motion to dismiss that claim

should be granted.

Finally, Plaintiff also brought a claim for racial discrimination.  ECF

No. 6 at 7.  That claim was not addressed by the Defendant and should

proceed along with the claim alleged for assault during the provision of

medical care.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's motion to

dismiss, ECF No. 15, be **GRANTED in part and DENIED in part**.  The

medical malpractice claim brought pursuant to the Federal Tort Claims Act

should be **DISMISSED** for failure to state a claim upon which relief may be

granted, but the assault and discrimination claims should proceed and

Defendant required to file an Answer within 14 days of the date an Order is

entered on this Report and Recommendation.  Further, it is

**RECOMMENDED** that the case be **REMANDED** to the undersigned for

further proceedings.

　　**IN CHAMBERS** at Tallahassee, Florida, on December 10, 2024.


　　　　　　　　　S/　　Martin A. Fitzpatrick
　　　　　　　　　**MARTIN A. FITZPATRICK**
　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

　　**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**