# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**CHARLES ANTHONY JONES,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 1:24cv54-MW-MAF**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**_____/**

## SECOND REPORT AND RECOMMENDATION[1]

Pro se Plaintiff Charles Anthony Jones filed a first amended complaint, ECF No. 6, on April 11, 2024. Defendant initially filed a motion to dismiss, ECF No. 15, which was denied, ECF No. 25. Defendant then filed an answer, ECF No. 26, and the parties were provided a discovery period. ECF No. 28.

While discovery was ongoing, Defendant filed a motion for summary judgment, ECF No. 31, seeking judgment as to Plaintiff's medical malpractice claim and partial summary judgment on Plaintiff's abuse claim.

---

[1] The first Report and Recommendation, ECF No. 23, was entered on Defendant's motion to dismiss, ECF No. 15. The Report and Recommendation was accepted in part and rejected in part. ECF No. 25.

Defendant separately filed a motion to dismiss Plaintiff's discrimination claim. ECF No. 35. Plaintiff initially filed a combined response in opposition to both the motion for summary judgment and the motion to dismiss. ECF No. 39. However, Plaintiff then filed an amended response, ECF No. 44, to the partial summary judgment motion, ECF No. 31. Plaintiff was then given additional time in which to file amended responses to the Defendants' motions if he desired to do so. ECF No. 45 at 4. Alternatively, Plaintiff was permitted to stand on the amended responses already filed. *See* ECF Nos. 39 and 44.

Plaintiff then filed a second amended response, ECF No. 46, to the motion for partial summary judgment and an amended response, ECF No. 47, to Defendants' motion to dismiss. As an amended response completely replaces a prior response, only those two responses have been reviewed, ECF Nos. 46-47, in opposition to the two pending motions, ECF Nos. 31 and 35.

**Plaintiff's Allegations, ECF No. 6**

Plaintiff filed this case under the Federal Tort Claims Act ["FTCA"], *see* ECF No. 6 at 9 and 13, and asserted three claims: sexual assault and abuse, discrimination, and medical malpractice. *Id.* at 7. The claims stem

from Plaintiff's June 24, 2022, appointment at the VA medical facility[2] in Gainesville, Florida. *Id.* at 4. Plaintiff was suffering from a urinary blockage and the doctor recommended placement of a catheter. *Id.* at 4-5.

Plaintiff went "to the nurse['s] office to get it done," and a white female nurse asked Plaintiff if he wanted a male nurse to insert the catheter. *Id.* at 5. Plaintiff said yes and the nurse left, returning with "a black male nurse" who Plaintiff believed would insert the catheter. *Id.* However, the female placed the catheter instead. *Id.* Plaintiff contends that was against his will and constitutes sexual assault and abuse as the male nurse stood idly by and "did nothing to stop it." *Id.* at 5-6. Plaintiff claims the nurse sought to inflict pain by "violently" pressing, poking, and prodding the catheter against his will. *Id.* at 6. Plaintiff alleged that his belief that "race had something to do with it," stating that the white female nurse "was outraged" because a black man was "telling her what to do." *Id.*

---

[2] Plaintiff's first case concerning this incident was more clear in showing that Plaintiff "visited a doctor at the VA Hospital in Gainesville, Florida on June 24, 2022." Jones v. United States, No. 1:23CV54/MW/ZCB, 2023 WL 6798877, at *1 (N.D. Fla. Sept. 15, 2023), report and recommendation adopted, No. 1:23CV54-MW/ZCB, 2023 WL 6795291 (N.D. Fla. Oct. 13, 2023). Plaintiff's first case was dismissed because he did not exhaust administrative remedies prior to filing the lawsuit. *Id.* After doing so, Plaintiff initiated this second case.

Plaintiff said the procedure caused "intense bleeding, paid, and scar tissue" in his penis and he "had to have surgery on [his] bladder and a superpubic tube[3] [sic] had to be placed in [his] bladder." *Id.* at 6.  Plaintiff asserted a "medical malpractice" claim "because the nurse was not competent" to insert the catheter. *Id.* at 7.

As noted above, Defendant filed both a motion to dismiss, ECF No. 35, and a motion for summary judgment, ECF No. 31.  The motion to dismiss is addressed first.

**Motion to Dismiss, ECF No. 35**

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff's discrimination claim is barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction. ECF No. 35 at 1-2.  Defendant contends that the Government's waiver of sovereign immunity pursuant to the FTCA does not waive immunity for claims of constitutional violations. *Id.* at 5.

A motion to dismiss under Rule 12(b)(1) challenges this Court's subject-matter jurisdiction to decide Plaintiff's claim.  McElmurray v.

---

[3] The Court takes judicial notice that a "*suprapubic* urinary catheter" may be required for patients with severe urinary retention or incontinence issues.

Consol. Gov't of Augusta–Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Defendant has presented the motion only as a "facial attack." ECF No. 35 at 3. In a facial attack[4] to subject matter jurisdiction, the Court must determine if Plaintiff's complaint "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-36 (11th Cir. 2013).

To be clear, in ruling on Defendant's motion to dismiss, ECF No. 35, the Court has reviewed only the motion, Plaintiff's amended complaint, ECF No. 6, and Plaintiff's response, ECF No. 47. *See* Douglas v. United States, 814 F.3d 1268, 1274 (11th Cir. 2016) (citing to McElmurray, 501 F.3d at 1251 (deciding that a dismissal for lack of subject matter jurisdiction was facial because "[t]he district court did not decide any issues of disputed fact"), and Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008) (per curiam) (deciding that a subject matter jurisdiction challenge was "a facial attack on the complaint"

---

[4] On the other hand, a "factual attack challenges the existence of subject matter jurisdiction in fact, and a court is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Rocha-Jamarillo v. Madrigal, 727 F. Supp. 3d 1370, 1382 (M.D. Ga. 2024) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990)).

because "the record establishes that the district court considered only the complaint and the attached exhibits")). The Court is also mindful that Plaintiff is a pro se litigant and pro se filings are "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

"The federal government is entitled to sovereign immunity from civil lawsuits, except to the extent that it consents to be sued." United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980) (cited in Hill v. United States, No. 23-11970, 2024 WL 1326791, at *1 (11th Cir. Mar. 28, 2024)). "The FTCA provides a limited waiver of sovereign immunity for tort claims." Hill, 2024 WL 1326791, at *1 (citation omitted). The FTCA "confers on federal district courts exclusive jurisdiction to hear claims against the United States for money damages 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" 28 U.S.C. § 1346(b)(1) (quoted in Hill, 2024 WL 1326791, at *1). However, "the United States has not waived its sovereign immunity under the FTCA" for a discrimination claim. Philippeaux v. United States, No. 1:18-CV-25238-RNS, 2023 WL

2266243, at *4 (S.D. Fla. Feb. 28, 2023), *aff'd*, No. 23-10968, 2024 WL 750308 (11th Cir. Feb. 23, 2024)).

The Eleventh Circuit Court of Appeals has made clear "that 'a state tort cause of action is a sine qua non of FTCA jurisdiction," and that Court has "dismissed FTCA suits that have pleaded breaches of federal duties without identifying a valid state tort cause of action." Zelaya v. United States, 781 F.3d 1315, 1324 (11th Cir. 2015) (quoted in Philippeaux, 2023 WL 2266243, at *4). Here, Plaintiff has not identified a state tort cause of action which would support his discrimination claim. Plaintiff's amended response, ECF No. 47, argues the facts of his case, but does not address the necessary state-law tort analog which must be presented to support an FTCA claim. This Court is unaware of a sufficient analog tort under Florida law. Accordingly, the motion to dismiss Plaintiff's discrimination claim should be granted and that claim dismissed without prejudice for lack of subject matter jurisdiction. *See* Philippeaux, 2023 WL 2266243, at *4 (dismissing retaliation and discrimination claims asserted under the FTCA).

Moreover, although not raised by the Defendant, the Court notes that Plaintiff's requested relief in this case is for "punitive damages for pain and suffering and future pain and suffering damages in the amount of 15 million

dollars . . . ." ECF No. 6 at 7. While not artfully articulated, it is apparent that Plaintiff's only request for relief in this case is punitive damages. Punitive damages, however, "are not available under the FTCA." Martinez v. United States, 192 F. App'x 839, 841 (11th Cir. 2006); 28 U.S.C. § 2674.[5]

**Summary Judgment and Partial Summary Judgment, ECF No. 31**

Defendant has moved for summary judgment in its favor on Plaintiff's medical malpractice claim, and partial summary judgment concerning Plaintiff's claim of sexual abuse and assault. ECF No. 31 at 1-2. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106

---

[5] The statute provides in relevant part: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  Here, the parties were provided adequate time to conduct discovery.  *See* ECF No. 28.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must then show[6] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case."  *Id.* at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th

---

[6] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

Cir. 2004) (citations omitted). Additionally, "the issue of fact must be 'genuine'" and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (other citations omitted). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)). All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Sconiers v. Lockhart, 946 F.3d 1256, 1262-63 (11th Cir. 2020), and the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)).

"Summary judgment is not a time for fact-finding; that task is reserved for trial." Sconiers, 946 F.3d at 1263 (11th Cir. 2020) (citing Tolan v. Cotton, 572 U.S. 650, 655-57, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014)).

Put simply, at the summary judgment stage of litigation, a judge must not "weigh the evidence and determine the truth of the matter" but should only determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511 (quoted in Sears v. Roberts, 922 F.3d 1199, 1205 (11th Cir. 2019)).

## A.   The Medical Malpractice Claim

Plaintiff asserted a medical malpractice claim which, pursuant to the FTCA, is brought against the United States. ECF No. 6 at 7. "The Federal Tort Claims Act was designed to provide redress for ordinary torts recognized by state law." Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (internal quotations omitted) (quoted in Chiarino v. United States, 189 F. Supp. 3d 1371, 1382 (S.D. Fla. 2016)). Medical malpractice cases are appropriately brought under the FTCA. McCullough v. United States, 607 F.3d 1355, 1359 (11th Cir. 2010) (citing to Price v. United States, 775 F.2d 1491, 1494 (11th Cir.1985) ("[A] medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant.")).

Page 12 of 19

Defendant contends that Plaintiff's FTCA medical malpractice claim cannot proceed because Plaintiff cannot establish the standard of care or breach of that standard without expert testimony. ECF No. 31 at 4. Further, Defendant says that Plaintiff cannot prove that he was damaged by the nurses' placement of the catheter without expert testimony. *Id.* at 7.

Here, Plaintiff's FTCA medical malpractice claim[7] is governed by Florida law as Plaintiff alleged that a female nurse at the Gainesville VA facility inserted his catheter and was "not competent to do it." *See* 28 U.S.C. § 1346(b)(1) (liability under the FTCA for "personal injury caused by the negligent or wrongful act or omission of any employee of the Government" is determined "in accordance with the law of the place where the act or omission occurred"); *see also* Jerrett v. United States, No. 5:20-CV-134-KKM-PRL, 2022 WL 599200, at *2 (M.D. Fla. Feb. 11, 2022).

"[T]o to prove medical malpractice in Florida, the plaintiff must establish 'by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional

---

[7] Plaintiff's claim is indeed one of medical malpractice and not ordinary negligence as he was in the process of receiving medical treatment and services when he was injured. *See* Sapp v. United States, No. 1:18-CV-176-AW-GRJ, 2021 WL 4987182, at *2 (N.D. Fla. Apr. 9, 2021) (distinguishing between medical malpractice and ordinary negligence).

standard of care for that health care provider.'"  Jerrett, 2022 WL 599200 at *2 (quoting Fla. Stat. §§ 766.102(1)).  "Generally, the standard of care in medical malpractice cases is determined through expert testimony." Lambert v. United States, 198 F. App'x 835, 839 (11th Cir. 2006) (quoted in Harley v. United States, No. 18-22001-CIV, 2020 WL 11421218, at *3 (S.D. Fla. Mar. 9, 2020)); *see also* Pate v. Threlkel, 661 So.2d 278, 281 (Fla. 1995) ("In medical malpractice cases, the standard of care is determined by a consideration of expert testimony") (cited in Chirillo v. Granicz, 199 So. 3d 246, 252 (Fla. 2016)).  It is only when "the duty and its breach are so obvious as to be apparent to persons of common experience" that expert testimony is not required.  Chirillo, 199 So. 3d at 252; *see also* Jerrett, 2022 WL 599200 at *2.  A plaintiff's "own conclusory allegations about what the medical record means in the context of the standard of care are not enough to support his claim."  Jerrett, 2022 WL 599200 at *2 (granting summary judgment in favor of the United States because plaintiff did not present any expert medical testimony).

     Here, Plaintiff claimed that the female nurse negligently inserted a catheter which caused damage "inside" his penis.  ECF No. 6 at 6.  He claimed that the alleged damage required him to have bladder surgery and

Case No. 1:24cv54-MW-MAF

required placement of a "suprapubic tube" in his bladder. *Id.* Those are not facts which are apparent or obviously understood to the average person without testimony from an expert witness. Expert testimony would be required to establish the propert standard of care in inserting a catheter.

In this case, an Initial Scheduling Order was entered on January 6, 2025. ECF No. 28. It required Plaintiff to initiate arrangements for a conference with counsel for the Defendant within 30 days, and after conferral, the parties were required to file a joint report with 14 days of the conference. *Id.* at 3. Plaintiff did not provide feedback to opposing counsel when formulating the Rule 26 Joint Report and discovery plan, so Defendant submitted a proposed Report unilaterally. ECF No. 29. That Report was adopted by the Court when the Final Scheduling Order was entered. ECF No. 30.

Importantly, Plaintiff did not request changes to the deadlines suggested by the Defendant in the Report, the Initial Scheduling Order, or to deadlines "required pursuant to Federal Rule of Civil Procedure 26(a)(2)." ECF No. 29 at 1, 3. Rule 26(a)(1)(C) required Plaintiff to provide his "initial disclosures" to the Defendant "within 14 days" of the Rule 26(f) conference. The Initial Scheduling Order required Plaintiff to disclose his

Page 15 of 19

"expert witnesses and their opinions . . . within 60 days from the date" of the Initial Scheduling Order.  ECF No. 28 at 6.  That deadline expired on March 7, 2025.  Plaintiff did not identify an expert witness.  ECF No. 31 at 6.  Plaintiff also did not dispute that he failed to do so.  *See* ECF No. 46 at 2.  Plaintiff merely argues that this "not a definitive reason to dismiss" this case.  Plaintiff is not correct.

"In medical malpractice cases, summary judgment is appropriate 'when the moving party conclusively demonstrates that the non-moving party is unable to produce an expert who will testify that the defendant was negligent.'"  Cruz v. United States, 2013 WL 395460 at *3 (S.D. Fla. Jan. 31, 2013) (citation omitted) (quoted in Harley, 2020 WL 11421218 at *3 (S.D. Fla. Mar. 9, 2020));  *see also* Nelson v. United States, 478 F. App'x 647, 648 (11th Cir. 2012) (because the plaintiff "never disclosed a medical expert," he "did not support his medical malpractice claim with evidence of the applicable medical standard of care, and his claim was due to be dismissed on this basis"); Whittaker v. Sanchez, 2021 WL 4495808, at *3 (11th Cir. Oct. 1, 2021) (affirming grant of summary judgment where plaintiff "did not present any expert medical testimony to establish the standard of care that FCC Coleman owed him, so he was unable to show

that FCC Coleman breached any standard of care, and, as a result, was unable to establish the elements of medical malpractice"); Jerrett, 2022 WL 599200 at *2 ("because Jerrett has not provided expert testimony on the standard of care element of his medical malpractice claim, the United States is entitled to summary judgment").[8]  Because Plaintiff has not disclosed an expert witness, he cannot establish the evidence necessary to support his medical malpractice claim. Therefore, summary judgment should be granted in Defendant's favor as to this claim.

## B.  The Sexual Abuse Claim

Defendant seeks partial summary judgment as to "a portion" of Plaintiff's claim of sexual assault and abuse. ECF No. 31 at 2. Again, the reason is that Plaintiff has not provided an expert witness and, according to the Defendant, expert testimony is needed to establish damages. Id. at 8.

Plaintiff alleged that he was "violated and abused" by the nurse who inserted the catheter into his penis without his consent. ECF No. 6 at 6.

---

[8] The failure to provide an expert opinion would also require dismissal for another reason; that is - Plaintiff did not comply with pre-suit investigation requirements. In Florida, medical malpractice law requires a pre-suit investigation to determine if reasonable grounds exist to proceed with a malpractice action. The pre-suit investigation requires corroboration through a verified medical expert opinion which supports the claim. Johnson v. McNeil, 278 Fed. Appx. 866, 871 (11th Cir. 2008); Fla. Stat. § 766.206(2). There is no indication Plaintiff completed a pre-suit investigation; otherwise, he would presumably have been able to disclose an expert witness.

While Plaintiff labeled this as sexual assault and abuse, *see* ECF No. 6 at 5, the Court recognizes that Plaintiff is a pro se litigant. The claim is more appropriately deemed to be a claim for sexual battery as explained below because it necessarily involves touching and physical contact.

"Under Florida law, the elements for a battery claim are '(1) the intent to cause a harmful or offensive contact with another person [ ] and (2) an offensive contact that directly or indirectly results.'" Brown v. J.C. Penney Corp., 521 F. App'x 922, 923 (11th Cir. 2013) (citing Chorak v. Naughton, 409 So. 2d 35, 39 (Fla. 2d DCA 1981)) (quoted in Romero v. Agent Au Pair, Inc., No. 6:24-CV-1749-JSS-RMN, 2025 WL 2110244, at *3 (M.D. Fla. July 24, 2025), report and recommendation adopted sub nom. Monterroso Romero v. Franklin, No. 6:24-CV-1749-JSS-RMN, 2025 WL 2369270 (M.D. Fla. Aug. 14, 2025)). Furthermore, Plaintiff's claim is for "battery of a sexual nature" because the touching necessarily occurred on Plaintiff's penis and Plaintiff alleged it was against his will. *See* Romero, 2025 WL 2110244, at *3 (finding the complaint sufficiently stated "a claim for battery of a sexual nature"); Yule v. Ocean Reef Cmty. Ass'n, No. 19-10138-CIV, 2020 WL 3051505, at *5 (S.D. Fla. June 8, 2020) (concluding the plaintiff "plausibly alleges claims for battery and sexual assault"). Defendant has

not shown there is a separate requirement for Plaintiff to demonstrate physical damages to support such a claim, much less that expert witness testimony is required. Thus, it is recommended that the motion for partial summary judgment as to the sexual assault and abuse claim, ECF No. 31, be denied.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) the Defendant's motion to dismiss, ECF No. 35, be **GRANTED** and Plaintiff's discrimination claim be **DISMISSED** without prejudice; (2) that the motion for summary judgment, ECF No. 31, be **GRANTED** as to Plaintiff's medical malpractice claim; (3) but the motion for partial summary judgment, ECF No. 31, be **DENIED** as to the sexual assault/battery claim and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 9, 2025.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.